**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER WRIGHT | : | |
| | : | |
| Appellant | : | No. 219 EDA 2021 |

Appeal from the Judgment of Sentence Entered December 10, 2020
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000205-2019

BEFORE: BOWES, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.: **FILED FEBRUARY 14, 2022**

Christopher Wright appeals from the aggregate judgment of sentence of eighteen to seventy-two months of imprisonment imposed after he pled guilty to strangulation, terroristic threats, simple assault, and resisting arrest. Appellant's counsel sought leave from this Court to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), which we denied because the certified record did not contain a necessary hearing transcript. ***See Commonwealth v. Wright***, 2021 WL 5104885 (Pa.Super. Nov. 2, 2021) (non-precedential decision). Following supplementation of the certified record, counsel has filed a new withdrawal request and ***Anders*** brief. Upon

_____

[*] Retired Senior Judge assigned to the Superior Court.

review, we grant the motion of John J. Martin, II, Esquire to withdraw and affirm Appellant's judgment of sentence.

As we observed in our prior memorandum, the factual basis for Appellant's guilty plea is as follows. Appellant and Jill Harvey were together at a local bar on June 4, 2019. Ms. Harvey left without Appellant, driving her vehicle into a ditch on her way home. Appellant arrived after she called him for assistance and proceeded to assault Ms. Harvey by throwing her into his vehicle, striking her with his hand, and manually strangling her. He informed her "that he would kill her and chop her up and put her in a ditch[.]" N.T. Guilty Plea, 9/10/20, at 6. Appellant later attempted to suffocate Ms. Harvey with a pillow. When the police arrived to arrest Appellant for the assault, he resisted, hitting and kicking the officers in the process. *Id*.

Appellant was charged with offenses ranging from summary harassment to felony aggravated assault. Appellant opted to enter an open guilty plea to the misdemeanors of strangulation, terroristic threats, simple assault, and resisting arrest in exchange for a dismissal of the remaining charges. The trial court accepted the plea following written and oral colloquies and scheduled a sentencing hearing.

Appellant filed a motion to withdraw his plea before sentencing, asserting his innocence "based upon the lack of evidence developed through the investigation of this case and the inability of the Commonwealth to prove the crimes charged beyond a reasonable doubt." Motion to Withdraw Guilty

- 2 -

Plea, 10/26/20, at ¶ 5. Appellant claimed that he had "maintained his innocence of these charges, stating so during his pre-trial investigation and to some extent during his oral guilty plea," but that his "decision to plead guilty was clouded by the risk of potential consequences following a guilty verdict at trial." *Id*. at ¶ 6-7. The trial court held a hearing on Appellant's motion, at the conclusion of which it took the matter under advisement. Thereafter, the court entered an order denying the motion, noting that Appellant's bald assertion of innocence did not warrant allowing the withdrawal of his plea. *See* Order, 11/19/20, at n.1 (citing ***Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1285 (Pa. 2015)).

On December 10, 2020, Appellant was sentenced as indicated above. At the sentencing hearing, Appellant's privately-retained counsel indicated that Appellant wished to appeal, that counsel had only been retained to represent him through sentencing, and that Appellant lacked the funds to pay for continued representation. Therefore, counsel made "an oral motion to be withdrawn as counsel and to have a public defender appointed." N.T. Sentencing, 12/10/20, at 11. The trial court instructed counsel to file a written motion, which he did on December 29, 2020. On January 1, 2021, another attorney at the same law office filed an untimely post-sentence motion, stating therein that the office "made a complete personnel change" and that new associates discovered on December 31, 2020, that Appellant wished to seek reconsideration of his sentence, which he believed to be "unduly harsh and

excessive.". Motion For Reconsideration of Sentence and/or Post-Sentence Motion *Nunc Pro Tunc*, 1/4/21, at ¶¶ 8-9, n.1.

Obtaining no ruling from the trial court, counsel filed a timely notice of appeal on Monday, January 11, 2021.[1] Appellant's present counsel, John J. Martin, II, Esquire, subsequently entered his appearance in this Court. As noted, rather than file a brief advocating on Appellant's behalf, Attorney Martin filed in this Court both an **Anders** brief and a petition seeking leave to withdraw as counsel. Observing that the certified record did not contain the notes of testimony from the hearing on Appellant's motion to withdraw his plea, we denied counsel's request and directed him to file either an advocate's brief or a new **Anders** brief and motion to withdraw after securing the missing transcript. Attorney Martin opted for the latter course and has renewed his request to withdraw as counsel. Therefore, the following legal principles guide our review:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any

---

[1] To the notice of appeal, counsel attached correspondence from the clerk of courts indicating that the trial court "is denying the motion." Notice of Appeal, 1/11/21, at unnumbered 4. As the untimely motion did not toll the time for filing an appeal and the trial court did not expressly grant *nunc pro tunc* relief, the lack of an order of record disposing of Appellant's motion does not impact our jurisdiction over this appeal. **See Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa.Super. 2015) (providing that a post-sentence *motion nunc pro tunc* impacts the time for filing an appeal only if, within thirty days of sentencing, the motion is filed and expressly granted).

other issues necessary for the effective appellate presentation thereof . . . .

Anders counsel must also provide a copy of the Anders petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa.Super. 2007)

(citations omitted). Our Supreme Court has further detailed counsel's duties

as follows:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

Based upon our examination of counsel's motion to withdraw and

**Anders** brief, we conclude that counsel has substantially complied with the

technical requirements set forth above.[2] As required by **Santiago**, Attorney

Martin set forth the case history with citations to the record, referred to issues

---

[2] Appellant did not file a response to counsel's petition.

that arguably support the appeal, stated his conclusion that the appeal is frivolous, and cited case law which supports that conclusion. *See Anders* brief 5-11. Therefore, we now proceed "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting *Santiago*, *supra* at 354 n.5).

The issues arguably supporting an appeal cited by Appellant's counsel are as follows: (1) "Did the trial court err in denying Appellant's motion to withdraw guilty Plea?" and (2) "Did the trial court err in ordering an excessive sentence, given the background of the Appellant in this matter?" *Anders* brief at 11 (cleaned up).

Pertinent to the first issue, this Court reviews a trial court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *Commonwealth v. Elia*, 83 A.3d 254, 261 (Pa.Super. 2013). "When a trial court comes to a conclusion through the exercise of its discretion, there is a heavy burden on the appellant to show that this discretion has been abused." *Commonwealth v. Norton*, 201 A.3d 112, 120 (Pa. 2019) (cleaned up). "An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the trial court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." *Id*. (cleaned up). Indeed, "it is important that appellate courts honor trial courts'

discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice." *Id*. at 121.

Pursuant to the Pennsylvania rules of criminal procedure, "[a]t any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of plea of not guilty." Pa.R.Crim.P. 591(A). Such discretion should be exercised liberally in a defendant's favor, so long as a "fair-and-just reason" is offered **and** withdrawal would not substantially prejudice the Commonwealth. **Commonwealth v. Forbes**, 299 A.2d 268, 271 (Pa. 1973). **See also Commonwealth v. Islas**, 156 A.3d 1185, 1192 (Pa.Super. 2017) (noting that establishment of a fair and just reason nonetheless does not entitle a defendant to withdraw his plea if the withdrawal would substantially prejudice the Commonwealth).

A plausible assertion of innocence, for example, may provide a colorable demonstration that allowing the withdrawal of the plea would serve fairness and justice. **See Carrasquillo**, **supra** at 1292. However, "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant such a request." **Id**. at 1285.

Attorney Wright contends that an appeal pursuing relief on this claim would be frivolous because Appellant did not make a plausible assertion of innocence or any other fair and just reason to withdraw the plea. Rather, he made a bald declaration of innocence pointing to no evidence to demonstrate its plausibility. *Anders* brief at 20.

Following an independent review of the certified record, we agree that a challenge to the denial of Appellant's motion to withdraw his plea is not viable. In his written motion and again at the hearing, Appellant's basis for withdrawing the plea was that he only plead guilty because he was afraid of "the possible sentencing that he could have been looking at in this matter," and that, afterwards, "he changed his mind." N.T. Motion to Withdraw Guilty Plea, 11/19/20, at 6. Neither Appellant's bald claim of innocence nor his change of mind after the probation department recommended "a significant sentence," *id*. at 8, presents a fair and just basis to allow him to withdraw his plea. *See Carrasquillo*, *supra* at 1295; *Commonwealth v. Blango*, 150 A.3d 45, 48 (Pa.Super. 2016) (providing that a withdrawal request may properly be denied when it "is founded upon a desire to manipulate the system" (cleaned up)).

The second issue identified by Attorney Wright implicates the discretionary aspects of Appellant's sentence. Consequently, in reviewing the questions, we bear in mind the following:

> An appellant is not entitled to the review of challenges to the
> discretionary aspects of a sentence as of right. Rather, an

appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect [pursuant to] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Lucky*, 229 A.3d 657, 663–64 (Pa.Super. 2020) (cleaned up).

Appellant timely filed a notice of appeal and counsel has included in his brief a statement pursuant to Pa.R.A.P. 2119(f) identifying the excessiveness of the aggregate sentence is excessive due to the consecutive nature of his individual sentences. *See Anders* brief at 15. Counsel asserts that the claim does not support the appeal because his claim does not raise a substantial question and the overall sentence is not excessive in light of the significant criminal history noted by the trial court at sentencing. *Id*. at 15, 22.

We agree with counsel that the discretionary aspects claim cannot succeed. However, rather than rejecting it on its substance, it is clear that the claim is waived. As detailed above, Appellant filed no timely motion for reconsideration of the sentence to preserve his excessiveness claim. Moreover, a review of the sentencing transcript reveals no excessiveness complaint. While counsel did indicate at the close of the hearing that Appellant

wished to appeal, he did not specify what issues Appellant sought to challenge. Indeed, given that counsel stated that Appellant informed him of his desire to appeal prior to being sentenced, it would appear that a complaint about the length of the sentence could not have been the impetus. By failing to preserve a sentencing issue at the sentencing hearing or in a timely-filed post-sentence motion, Appellant waived the issues. It is axiomatic that "[a]n issue that is waived is frivolous." *Commonwealth v. Tukhi*, 149 A.3d 881, 888 (Pa.Super. 2016).

We thus agree with counsel that neither of the issues identified in his *Anders* brief supports an appeal. Moreover, our "simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated[,]" has revealed no additional issues counsel failed to address.[3] *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*). Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Motion of John J. Martin, II, Esquire, to withdraw as counsel granted. Judgment of sentence affirmed.

---

[3] We have conducted our review mindful of the fact that "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/14/2022